LEÓN, PLAINTIFF AND APPELLEE, v. LEÓN, DEFENDANT AND
APPELLANT.

APPEAL from the District Court of Guayama in an Action
for Survey.

No. 1599.—Decided July 18, 1918.

SURVEY—LANDMARKS—JUDGMENT.—According to sections 392, 393 and 395 of
the Civil Code, every owner of real property has the right to survey and
enclose his property and the proceeding for such survey and setting land-
marks when the adjoining owners agree is to be found in the Law of Civil
Procedure which preceded the Code of Civil Procedure now in force; but
when there is no agreement between the adjoining owners and an action
is brought for that purpose the court should hear the evidence and determine
and fix in its judgment where the boundary line between the adjoining
properties must be run.

The facts are stated in the opinion.

*Messrs. Celestino Dominguez Rubio* and *Francisco Nava-
rro* for the plaintiff.

*Messrs. Manuel A. Martínez Dávila* and *José C. Ramos*
for the defendant.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the settlement of the estate of Marcelino León y Ferrer
a number of properties were consolidated into one property
containing 253.5 acres of land. This property was surveyed
and divided by Doctor Trelles into three parcels, of which one
containing 72.25 acres was allotted to the daugther, Carmen
León y León, and another of the same area to her sister, Isa-
bel León y León, defendant herein. The first of these parcels
was bounded on the south by the northern boundary of the
property of Isabel, whose property in turn was bounded on
the south by the third parcel of 108.995 acres, which was ap-
portioned to the widow, Ana León. The widow subsequently
segregated the following parcels of land from her property:
68.499 acres, which she sold to her son, Francisco León y León,
the plaintiff herein; 38.50 acres, which she sold to Julia León,
and the remaining four acres, which she sold to Valeria Ló-
pez de León.

Francisco León took possession of the parcel purchased by him, but his mother did not deliver it to him by measurement and when he had it surveyed some time later he found that it was short 15.24 acres. With the consent of his sisters Isabel and Carmen he also caused a survey to be made of the properties allotted to them, as stated, and as a result thereof it was found that the property of the former showed a surplusage of 9.92 acres and that the property of the latter also exceeded its proper area, there being a total surplusage of fourteen acres and a fraction between the two. In view of these facts and of the fact that his sister Isabel refused to allow a rectification of the boundaries of her property with those of the property of the plaintiff to conform to their titles and to the plan made for the partition, so as to determine their exact positions and to erect a hedge or fence where the dividing line might be shown to lie, Francisco brought an action in the District Court of Guayama for the establishment of a dividing line, alleging these facts and that the line separating his property from that of his sister Isabel is uncertain because the boundary marks had been destroyed by voluntary or fortuitous acts, and prayed for judgment ordering such rectification, the placing of a fence or other boundary marks, and declaring that he was entitled to and should receive such portion of land to the south of the line to be established according to the points of survey made when the consolidated property was divided into three parts.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to determine a cause of action, but the court overruled the demurrer and she answered with a general denial of the allegations of the complaint. The case went to trial and the court rendered judgment ordering the rectification of the northern boundary of the plaintiff's property on the line separating his land from that of the defendant; that said rectification be made according to the titles of acquisition and taking into account the areas specified

therein; that the resulting dividing line be marked by visible objects susceptible of easy identification, but that the fixing of such points should not be understood as deciding questions of ownership. The costs and disbursements were imposed upon the defendant, who took the present appeal from the said judgment.

The appellant pleads anew in this appeal that the complaint does not state facts sufficient to constitute a cause of action, but we are not of that opinion. Sections 392 and 393 of the Civil Code recognize in every landowner the right to fix the boundaries of his property, after giving notice to the owners of adjoining properties, in conformity with the titles of each owner, or, in default of sufficient titles, from what may appear from the possession held by the contiguous owners. Section 395 gives every owner the right to enclose or fence his tenements by means of walls, ditches, live or dead hedges, or in any other manner without injury to the servitudes existing thereon. The Law of Civil Procedure which governed before the present Code of Civil Procedure went into effect established the proceeding to be followed for obtaining the fixing of the boundaries in case of agreement; but although the defendant in this case allowed her property to be surveyed, she refused to agree to the fixing of the boundaries and, consequently, to the placing of landmarks, therefore the plaintiff had the right to resort to the court so that after considering the pleadings and the evidence the court should fix the dividing line between the two properties. This was the object of the action entitled an action for the establishment of a dividing line.

For this reason we agree with the appellant that in limiting its judgment to ordering that a rectification be made of the boundary line between the two properties in accordance with the titles, but without determining the location of the dividing line after considering the evidence, the court failed to dispose of the question submitted to it as the object of the action. As

we have not before us all of the evidence submitted to the lower court, for we have not seen the plan which was exhibited and no description of it is to be found in the statement of the case, we must remand the case to the trial court in order that it may decide the issue raised by the plaintiff.

The judgment appealed from should be reversed and the case remanded for further action not inconsistent with this opinion.

*Reversed and remanded.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.